UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA S.,[1]<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>ANDREW SAUL,[2] Commissioner of Social Security,<br><br>　　　　　　　Defendant. | Case No. CV 17-3669-KK<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b) |

## I.

## **INTRODUCTION**

Plaintiff Debra S. ("Plaintiff")'s counsel, Eliot R. Samulon of Potter, Cohen, Samulon & Padilla ("Counsel"), filed a Motion for Attorney Fees ("Motion") pursuant to 42 U.S.C. § 406(b) ("Section 406(b)"). The Motion seeks an award of $29,993.75 for representing Plaintiff in an action to obtain disability insurance benefits, with a refund to Plaintiff of $764.00 for the Equal Access to Justice Act ("EAJA") fees previously awarded. The parties have consented to the jurisdiction of the undersigned

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] The Court substitutes Andrew Saul, the current Commissioner of Social Security, as Defendant in this action. Fed. R. Civ. P. 25(d).

United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). For the reasons stated below, the Court GRANTS IN PART and DENIES IN PART the Motion.

## II.

## **RELEVANT BACKGROUND**

On May 16, 2017, Plaintiff filed the Complaint in this action. ECF Docket No. ("Dkt.") 1, Compl. Plaintiff alleged the Commissioner of the Social Security Administration ("Defendant") improperly denied Plaintiff's application for Title II Disability Insurance Benefits ("DIB"). Id. On October 25, 2017, the Court granted the parties' stipulation to remand the case for further administrative proceedings. Dkt. 20, Order; Dkt. 21, Judgment.

On November 14, 2017, the Court issued an order granting Counsel's Motion for EAJA Fees awarding fees to Counsel in the amount of $764.00. Dkt. 23, Order Granting EAJA Fees.

On July 22, 2020, on remand, the ALJ issued a fully favorable decision finding Plaintiff disabled. Dkt. 24 at 3-4, Declaration of Eliot Samulon ("Samulon Decl."), ¶ 4. On August 2, 2020, the Social Security Administration issued a Notice of Award, which did not state the total amount of benefits awarded,[3] but informed Plaintiff it was withholding $29,993.75 as "25 percent of past-due benefits in order to pay the representative's fee." Id., ¶¶ 7-8, Ex. 3, Notice of Award.

On August 14, 2020, Counsel filed the instant Motion pursuant to Section 406(b) seeking attorney fees in the amount of $29,993.75. Dkt. 24, Mot. Counsel states 3.9 hours of attorney time were spent representing Plaintiff in federal court. Samulon Decl., ¶ 9, Ex. 4, Time Itemization. Counsel seeks compensation pursuant to a contingency agreement dated November 22, 2013, which provides that if Plaintiff prevails in federal court, Counsel is entitled to twenty-five percent (25%) of the past due benefits. Id., ¶ 2, Ex. 1, Attorney-Client Fee Agreement.

---

[3] Based on the 25% withheld, the total past-due amount appears to be $119,975.00 ($29,993.75/0.25 = $119,975.00).

2

1 On August 14, 2020, Counsel served Plaintiff with the Motion and informed
2 her of her right to file a response to the Motion within fourteen days of receipt of the
3 copy of the Motion. Dkt. 24 at 2; Dkt. 25, POS. Plaintiff has not filed a response to
4 the Motion.

5 On August 25, 2020, Defendant filed a Response to the Motion. Dkt. 26.
6 Defendant states its role is "resembling that of a trustee for the claimants," and takes
7 "no position on the reasonableness of the fee request." Id. at 7. Defendant, however,
8 points out the "effective hourly rate sought by Counsel for work before this Court
9 under [Section] 406(b) is $7,690.71 . . . . It is for the Court to determine whether the
10 hourly rate requested by Counsel is reasonable under these circumstances, or whether
11 it constitutes a windfall. . . . Defendant is unaware of any case which holds that an
12 attorney fee was reasonable in any amount anywhere near the hourly rate requested by
13 Counsel here." Id. at 4-5. Counsel did not file a reply to Defendant's Response.

14 On September 14, 2020, Counsel filed a declaration in response to a Court
15 Order requesting his normal hourly billing charge for noncontingent fee cases stating
16 his hourly rate, when he last performed legal work on an hourly basis in 2017, was
17 $350. Dkt. 28.

18 The matter thus stands submitted.

### III.
### DISCUSSION

**A. APPLICABLE LAW**

Pursuant to Section 406(b):

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the

3

1  amount of such fee for payment to such attorney out of, and not in
2  addition to, the amount of such past-due benefits.
3  42 U.S.C. § 406(b)(1)(A).  Thus, "a prevailing [disability] claimant's [attorney's] fees
4  are payable only out of the benefits recovered; in amount, such fees may not exceed
5  25 percent of past-due benefits."  Gisbrecht v. Barnhart, 535 U.S. 789, 792, 122 S. Ct.
6  1817, 152 L. Ed. 2d 996 (2002).
7  Where a claimant entered into a contingent fee agreement with counsel, a court
8  must apply Section 406(b) "to control, not to displace, fee agreements between Social
9  Security benefits claimants and their counsel."  Id. at 793.  A court should not use a
10 "lodestar method," under which a district court "determines a reasonable fee by
11 multiplying the reasonable hourly rate by the number of hours reasonably expended
12 on the case."  Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009) (en banc).
13 Rather, where the claimant and counsel entered into a lawful contingent fee
14 agreement, courts that use the "lodestar" method as the starting point to determine
15 the reasonableness of fees requested under Section 406(b) improperly "reject the
16 primacy of lawful attorney-client fee agreements."  Gisbrecht, 535 U.S. at 793.  Thus,
17 courts should not apply lodestar rules in cases where the claimant and counsel reached
18 a contingent fee agreement because:
19 [t]he lodestar method under-compensates attorneys for the risk they
20 assume in representing [social security] claimants and ordinarily produces
21 remarkably smaller fees than would be produced by starting with the
22 contingent-fee agreement.  A district court's use of the lodestar to
23 determine a reasonable fee thus ultimately works to the disadvantage of
24 [social security] claimants who need counsel to recover any past-due
25 benefits at all.
26 Crawford, 586 F.3d at 1149.
27 However, even in contingency fee cases, a court has "an affirmative duty to
28 assure that the reasonableness of the fee [asserted by counsel] is established."  Id.  The

4

1 court must examine "whether the amount need be reduced, not whether the lodestar
2 amount should be enhanced." Id. The court may consider factors such as the
3 character of the representation, the results achieved, the ratio between the amount of
4 any benefits awarded and the time expended, and any undue delay attributable to
5 counsel that caused an accumulation of back benefits in determining whether a lawful
6 contingent fee agreement is reasonable. See Gisbrecht, 535 U.S. at 808; Crawford,
7 586 F.3d at 1151.

8 When a district court determines that a fee request is unreasonable, it must
9 provide a "concise but clear explanation of its reasons." Crawford, 586 F.3d at 1152
10 (quoting Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)). However, Gisbrecht does
11 not instruct "precisely how a district court should quantify the 'downward
12 adjustment'" when the court concludes such an adjustment is in order. Biggerstaff v.
13 Saul, No. CV 15-853-JC, 2019 WL 4138015, at *2 (C.D. Cal. July 5, 2019); see also
14 Ellick v. Barnhart, 445 F. Supp. 2d 1166, 1171 (C.D. Cal. 2006) (noting post-
15 Gisbrecht decisions "vary significantly in the manner in which the decisions reduce
16 the fees").

17 Additionally, the Court must determine whether a previously awarded EAJA
18 fee should be refunded to Plaintiff in the event both Section 406(b) and EAJA fees
19 are awarded. "Congress harmonized fees payable by the [Agency] under EAJA with
20 fees payable under [Section] 406(b) out of the claimant's past-due Social Security
21 benefits in this manner: Fee awards may be made under both prescriptions, but the
22 claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'"
23 Gisbrecht, 535 U.S. at 796.

24 **B.    ANALYSIS**

25 Here, consideration of the factors set forth in Gisbrecht and Crawford
26 warrants a reduction of the fee Counsel seeks because "the benefits are large in
27 comparison to the amount of time counsel spent on the case" such that a windfall
28 would result. Gisbrecht, 535 U.S. at 805.

5

As an initial matter, the Court recognizes the record discloses no issue regarding the quality or efficiency of Counsel's representation before this Court, any misconduct or delay by Counsel, any overreaching in the making of the fee agreement or any impropriety on the part of Counsel in representing Plaintiff.  Counsel assumed the risk of nonpayment inherent in a contingency agreement and obtained a favorable outcome for Plaintiff, ultimately resulting in a remand for further administrative proceedings and an award of past due benefits.  See dkt. 21, Judgment; Samulon Decl., ¶ 7, Ex. 3, Notice of Award.  The time expended to litigate this case, i.e. approximately 3.9 hours, was reasonable and within the approved range for social security disability cases.

However, Counsel has failed to demonstrate that a fee of $29,993.75 based on only 3.9 hours of attorney time for a non-complex matter, even in light of the risk involved and the primacy of the fee agreement, is reasonable.  See Crawford, 586 F.3d at 1152-53.  The award Counsel seeks would equate to an effective hourly rate of approximately $7,690.71.[4]  As discussed below, this extraordinary and unprecedented rate is simply not warranted.

First, Counsel fails to identify any novel or case-specific risks to support this hourly rate.  Counsel states he "represented Plaintiff before the Social Security Administration beginning November 2013 with complex medical and legal issues and pursuant to a contingent-fee agreement."  Dkt. 24 at 7.  Counsel, however, does not provide any facts or support to demonstrate the case involved "complex medical or legal issues."  Additionally, Counsel represents that his hourly rate, when he last performed legal work on an hourly basis in 2017, was $350.  Dkt. 28; see Gisbrecht, 535 U.S. at 807-08 ("the court may require the claimant's attorney to submit . . . as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement . . . [a] statement of the lawyer's normal hourly billing charge for

---

[4] The Court's calculation is achieved by dividing $29,993.75 by 3.9 hours of time.

1  noncontingent-fee cases"). Hence, applying Counsel's hourly rate to the instant
2  Motion would result in a fee multiplier of 22,[5] far beyond any multiplier ever used in
3  this District. See Wenzel v. Colvin, No. EDCV 11-0338 JEM, 2014 WL 3810247, at
4  *3 (C.D. Cal. Aug. 1, 2014) (declining to award a fee involving a proposed multiplier
5  of 8.59 of normal rate, noting prior district court decision indicates "multipliers of 2
6  to 2.5 were common and in a few instances multipliers of 5.4 to 6.55 for exceptional
7  results or where counsel argued novel, case-specific risky positions" but "[n]one . . .
8  approved fees with a multiplier in the range sought here"). While the Court
9  recognizes Counsel is entitled to a higher rate than the lodestar to reflect the
10 contingent nature of the case, Counsel's efficiency, and the quality of the results
11 achieved, Counsel sets forth no facts regarding the risk or complexity of the case that
12 would support applying such a drastic multiplier.
13        Second, Counsel fails to point to any cases in this District where a similar
14 hourly rate has been awarded. Both the Court and Defendant have been unable to
15 identify any post-Gisbrecht decisions approving fees with similar hourly rates as
16 Counsel seeks. In fact, the Court's review of cases in the District has found most fee
17 awards fall below an effective hourly rate of $1,600. See, e.g., Mendibles v. Saul, No.
18 CV 18-6344-KS, 2020 WL 3628756, at *3 (C.D. Cal. Mar. 17, 2020) (approving rate of
19 approximately $1,158, noting fee was "high" but that "[t]he Ninth Circuit has found
20 reasonable fees with effective hourly rates exceeding $900, and the Central District of
21 California has repeatedly found reasonable fees with effective hourly rates exceeding
22 $1,000 per hour", citing cases). Moreover, courts both within and outside this District
23 have consistently reduced fee awards for the sole reason that the benefits are large in
24 comparison to the amount of time counsel spent on the case, notwithstanding the
25 primacy of the fee agreement. See, e.g., Biggerstaff, 2019 WL 4138015, at *5
26 (collecting cases, reducing fee request to $1,400 per hour where effective hourly rate
27
28 ---
[5] The Court's calculation is achieved by dividing $7,690.71 by $350.

7

1 for combined counsel and paralegal time was $2,136.75, resulting in $17,240 less than
2 the $50,000 award counsel sought); Wenzel v. Colvin, 2014 WL 3810247, at *2-4
3 (C.D. Cal. Aug. 1, 2014) (request of effective hourly rate of $1,417 constituted a
4 windfall; awarding rate of $1,000 per hour which was consistent with the highest rates
5 awarded by courts); Ellick, 445 F. Supp. 2d 1166 (reducing fee, which was "equivalent
6 to roughly 4.24 times [counsel's] normal hourly rates" to 2.5 times the normal hourly
7 rate to avoid windfall); Edwards v. Berryhill, No. EDCV 14-1798-E, 2017 WL
8 3913209, at *6 (C.D. Cal. Sept. 6, 2017) (reducing fees, "assuming that a reasonable de
9 facto hourly rate for counsel is $1,100 per hour).

      Accordingly, after surveying the awards previously made in this District, considering the nature of this case, contingent risk, and the fact that Counsel spent very little time on the case in comparison to the amount of benefits now owing, the Court finds a total fee of $6,142.50, representing 4.5 times Counsel's $350 hourly rate, (and equating to an effective hourly rate of $1,575), is a reasonable fee for the representation of Plaintiff before this Court. See, e.g. Daniel v. Astrue, No. EDCV 04-01188-MAN, 2009 WL 1941632, at *2-3 (C.D. Cal. July 2, 2009) (approving fees amounting to $1,491.25 per hour); see also Palos v. Colvin, No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (finding "an hourly rate of $1,546.39 for attorney and paralegal services" is reasonable); Williams v. Berryhill, No. EDCV 15-919-KK, 2018 WL 6333695, at *2 (C.D. Cal. Nov. 13, 2018) (approving effective hourly rate of approximately $1,553.36).

///
///
///
///
///
///
///

## IV.
## ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** (1) Counsel's Motion for Attorney Fees Pursuant to Section 406(b) is **GRANTED IN PART AND DENIED IN PART AS SET FORTH ABOVE**; (2) Defendant is directed to pay Counsel the sum of $6,142.50 with a reimbursement to Plaintiff for EAJA fees previously awarded in the amount of $764.00.

Dated: September 17, 2020

_____
HONORABLE KENLY KIYA KATO
United States Magistrate Judge

9